## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Jackie Donald Spradling, Jr.

v.

W. O. Grubb
Steel Erection, Inc., et al.

v.

Tri-Marine, Inc.

March 11, 2002

Case No. (Law) 30738-EH

BY JUDGE EDWARD L. HUBBARD

This matter came before the court March 5, 2002, on the Special Plea in Bar of the Defendants, W. O. Grubb Steel Erection, Inc., and Walter Randall Compton, wherein the Defendants state the action of the Plaintiff, Jackie Donald Spradling, Jr., is barred by the exclusivity provision of Code § 65.2-307 of the Virginia Workers' Compensation Act, §§ 65.2-100 through 65.2-1310, Code of Virginia, 1950, as amended. Evidence was presented, and the matter was argued by counsel.

The court has reviewed Plaintiff's Exhibit 1 (Deposition of Lawrence R. Becker), Defendants' Exhibit 1 (Plaintiff's Response to Defendant's Request for Admissions), Defendants' Exhibit 2 (Defendant W. O. Grubb's Amended Request for Admissions to Plaintiff), Defendants' Exhibit 3 (Plaintiff's Response to Defendants' Amended Request for Admissions), Defendants' Exhibit 4 (Deposition of Jackie Donald Spradling, Jr.), Defendants' Exhibit 5 (Deposition of Terence L. Holmes), the pleadings, and relevant authorities.

In this case, the Plaintiff was employed as an electrician by Tri-Marine (contractor). Tri-Marine was in the business of ship repair in the electrical and

electronics fields. Tri-Marine was employed by a company named Intrepid to not only provide labor, materials, and equipment for the installation of a shore power connection box, but also to remove such equipment and to transport that equipment and some chain to another location. Tri-Marine contracted with Defendant W. O. Grubb Steel Erection, Inc. (subcontractor) to supply a crane and operator for the purpose of lifting the several lengths of electrical cable and chain during the clean-up and relocation phase of Tri-Marine's business with Intrepid. The crane operator, Defendant Walter Randall Compton, employee of Grubb, operated the crane pursuant to the direction of Tri-Marine employees. The undertaking by Grubb was to accomplish a specific task necessary to the clean-up and relocation process of the business of Tri-Marine. Moving the cable and chain was an essential part of Tri-Marine's obligation to its employer, and, for this reason, Grubb and Grubb's employee were not strangers to the trade, occupation, or business of Tri-Marine. Hence, they are not "other parties" within the meaning of the Virginia Workers' Compensation Act. The Plaintiff's exclusive remedy for his injury lies within the benefits afforded by the Virginia Workers' Compensation Act.

It should be noted that the Defendants, pursuant to Rule 3:12, Rules of the Virginia Supreme Court, requested the Plaintiff to reply to their Special Plea either admitting or denying the allegation therein, and Plaintiff failed to file timely response. While this court rules that this failure to reply admits or, at the very least, prevents the Plaintiff from presenting any evidence contesting the allegation and, therefore, would result in the granting of Defendants' Special Plea, the point is moot in light of the court's ruling regarding the Defendants' status vis-a-vis the Plaintiff under the Act.

Counsel for Defendants is requested to prepare an order granting the Special Plea of the Defendants, circulate the order for proper endorsement, and forward it to the court for entry.